Filed 4/8/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 57

Benjamin Newman, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20080136

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Per Curiam.

Benjamin Newman, pro se, P.O. Box 5521, Bismarck, ND 58506-5521, petitioner and appellant.

Cynthia M. Feland, Assistant State’s Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501-4413, for respondent and appellee.

Newman v. State

No. 20080136

Per Curiam.

[¶1] Benjamin Newman appealed from a district court order denying his application for post-conviction relief.  

[¶2] In May of 2005, Newman was arrested on charges that he set fire to a Bismarck apartment building which resulted in the death of a tenant.  In September of 2006, Newman was found guilty of murder,  attempted murder, endangering by fire, and violation of a domestic violence protection order.  Newman’s convictions were affirmed by this Court on appeal.  
State v. Newman
, 2007 ND 148, 738 N.W.2d 887.  On October 8, 2007, Newman, acting on his own behalf, filed an application for post-conviction relief asserting he received ineffective assistance of counsel.  The district court determined Newman had been represented by competent counsel, and there was no new evidence which should be presented to a jury which would justify a vacation of the conviction in the interests of justice. 

[¶3] On appeal, Newman contends the district court improperly denied his petition for post-conviction relief on the grounds of ineffective assistance of counsel, because several issues should have been raised at trial and on his first appeal to this Court:  one of the prosecutors in his case was the granddaughter of his former landlord;  the trial judge erred in how she handled a juror who used her cell phone during the trial; one witness lied on the stand; there was another fire across the street from the building which burned down; Newman’s former girlfriend testified on the stand that Newman would have known if she was at the apartment by the presence of her car; another witness’ statement placed Newman in Menoken at the time of the fire; people assumed Newman lived in the apartment building because he helped people by holding the door and carrying things for them; Newman didn’t understand what was happening at the sentencing because of medication he was taking and because he did not have his reading glasses with him; and one police officer threatened him.  We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶4] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

M. Richard Geiger, D.J.

[¶5] The Honorable M. Richard Geiger, D.J., sitting in place of Kapsner, J., disqualified.